## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

WILLIE L. DUMAS, III

        Petitioner,

v.                                     CIVIL ACTION NO. 5:07-cv-00795
                                         (Criminal No. 5:04-cr-00058-1)

UNITED STATES OF AMERICA,

        Respondent.

### ORDER

Pending before the court is the petitioner's Motion for Certificate of Appealability [Docket 218]. In that motion, the petitioner seeks permission to appeal: (1) this court's denial of his request for relief under 28 U.S.C. § 2255 and (2) this court's denial of his motion to amend his § 2255 motion to raise the drug ratio disparity issue.

The petitioner's § 2255 motion and his motion to amend his § 2255 motion to raise the drug ratio disparity issue were referred to Magistrate Judge Mary E. Stanley for proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge recommended that I grant the petitioner's motion to amend and deny his § 2255 motion on its merits.

After the Magistrate Judge issued her amended proposed findings and recommendation [Docket 197] and the petitioner filed objections to that report [Docket 209], I reviewed the portions of the report to which the petitioner objected *de novo*. I reviewed the portions of the report to which the petitioner did not object for clear error. Upon review, I found that the petitioner's objections

were without merit and I found no clear error in the remainder of the report. Accordingly, I accepted and incorporated the findings and recommendation of the Magistrate Judge in denying the petitioner's § 2255 motion.

I incorporated the Magistrate Judge's report in its entirety except for her recommendation that I grant the petitioner's motion to amend. Rather than address that issue in the Order, I viewed the motion as a petition for crack reduction and decided to treat it separately from the petitioner's § 2255 motion. I did so because the petitioner had already filed a motion for retroactive application of the sentencing guidelines to crack cocaine offenses in his related criminal case and it was more appropriate to address the drug ratio disparity issue in that context. I therefore denied the petitioner's motion to amend as moot.[1]

The petitioner now asks this court for a Certificate of Appealability so that he may appeal the denial of his Petition for Writ of Habeas Corpus to the United States Court of Appeals for the Fourth Circuit and the denial of his motion to amend.[2] In order for a Certificate of Appealability to issue, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The findings and recommendation of the Magistrate Judge thoroughly address each issue raised in the petitioner's § 2255 motion. Upon *de novo* review, this court found that the petitioner's objections were without merit and that there was no clear error in the portions of the report to which the petitioner did not object. The Magistrate Judge's report was thereby

---

[1] In the criminal case, after giving the petitioner and the government the appropriate amount of time to respond, I ultimately denied the motion for modification on May 15, 2009. I found that the petitioner was not eligible for a reduced sentence under the crack amendment because he was a career offender.

[2] The petitioner does not seek a Certificate of Appealability for the denial of his motion for modification, for which a Certificate is not necessary.

incorporated in part as the opinion of this court. Given that I found no merit to the petitioner's claims, the standard for issuance of a Certificate of Appealability has not been met. Moreover, that standard has not been met for the court's denial of the petitioner's motion to amend because I addressed the issue raised in that motion issue separately. The petitioner was not prejudiced in any way, nor were his constitutional rights denied to him. Accordingly, the petitioner's motion for a Certificate of Appealability is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:       May 28, 2009

Joseph R. Goodwin, Chief Judge