IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

WILLIE DUMAS, III,

                Petitioner,

v.                                      CIVIL ACTION NO. 5:16-cv-05779
                                        (Criminal No. 5:04-cr-00058)

UNITED STATES OF AMERICA,

                Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Petitioner's June 27, 2016 motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Document 277), brought on the grounds, *inter alia*, that his sentence as a career offender is improper in light of *Johnson v. United States*, 135 S. Ct. 2251 (2015). The Court has also reviewed the Petitioner's supplements to that motion (Documents 285, 296), the United States' responsive briefing, and the Petitioner's reply briefs.

By *Standing Order* (Document 278) entered on June 27, 2016, this action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On December 8, 2017, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (PF&R) (Document 300) wherein it is recommended that this Court deny the Petitioner's § 2555 motion. The Petitioner timely filed *Movant's Objections to Proposed Findings and Recommendations* (Document 301).

## FACTS AND PROCEDURAL HISTORY

In 2005, the Petitioner, Willie Dumas, was convicted of conspiracy to possess with intent to distribute cocaine base. He was sentenced as a career offender under Section 4B1.1 of the United States Sentencing Guidelines based on a prior controlled substance felony and a prior felony conviction for intimidation of a witness, which the Court considered a "crime of violence." A previous motion under § 2255 was denied, and the Fourth Circuit authorized him to file this second or successive § 2255 motion based on the Supreme Court's decision in *Johnson*.

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

**DISCUSSION**

The PF&R recommends that the Petition be dismissed as untimely, based on case law holding that *Johnson* does not apply to defendants sentenced as career offenders under the advisory Guidelines. The Petitioner objects to any implication that he would be responsible for showing that the Court relied on the residual clause of Section 4B1.2(a)(2) of the Guidelines. He further objects to the finding that his § 2255 Petition is untimely in order to preserve that issue, although he concedes that binding precedent requires the Court to find the Petition untimely.

Given the status of the issues, extensive discussion is not required. A petition challenging a sentence under 28 U.S.C. § 2255 must normally be filed within one year of the conviction becoming final. Section 2255(f)(3) permits motions filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In *Johnson*, the Supreme Court ruled that the residual clause of the Armed Career Criminal Act, defining violent felonies to include a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. *Johnson v. United States*, 135 S.Ct. 2551, 2555-57 (2015). The Supreme Court subsequently held that *Johnson's* reasoning was not applicable to challenges to the similar definition of a crime of violence contained in the advisory sentencing guidelines, given that the Guidelines "merely guide the district courts' discretion." *Beckles v. United States*, 137 S. Ct. 886, 894 (2017) (addressing only the advisory Guidelines, and not opining as to the constitutionality of the residual clause of the career offender provision in the mandatory Guidelines). In *United States v. Brown*, the Fourth Circuit Court of Appeals found a § 2255 petition untimely where the petitioner challenged a career offender

sentence imposed under the mandatory sentencing guidelines. 868 F.3d 297 (4th Cir. 2017). The court reasoned that *Beckles* demonstrates that the right recognized in *Johnson* "did not automatically apply to all similarly worded residual clauses," and so the right asserted by the petitioner had not been recognized by the Supreme Court. *Id*. at 302.

In light of that precedent, any disputes regarding whether the sentencing court relied on the residual clause, who bears the burden of showing that the residual clause is implicated, or whether the Guidelines were effectively mandatory at the time Mr. Dumas's sentence was imposed are immaterial. As the Petitioner recognizes, the Court is bound by the decision in *Brown* to find that his challenge to the residual clause of the career offender provision contained in the Guidelines does not involve a right newly recognized by the Supreme Court. Therefore, his § 2255 petition must be dismissed as untimely.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Movant's Objections to Proposed Findings and Recommendations* (Document 301) be **OVERRULED**, and that the Magistrate Judge's *Proposed Findings and Recommendation* (Document 300) be **ADOPTED**. The Court further **ORDERS** that the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, including all supplements (Documents 277, 284, and 285) be **DENIED,** and that this matter be **DISMISSED** from the Court's docket.

The Court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is a substantial showing of the denial of a constitutional right. *Id.* § 2253(c)(2). The standard is satisfied only upon a showing

4

that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). Although other courts of appeals have reached different conclusions regarding the application of the rule contained in *Johnson* to claims challenging application of the parallel residual clause in the mandatory Guidelines. *See, e.g.*, *Moore v. United States*, 871 F.3d 72, 82 (1st Cir. 2017) (permitting second or successive § 2255 petition and discussing disagreement with *Brown*), the precedent in the Fourth Circuit is clear. Therefore, the Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **ORDERS** that a certificate of appealability be **DENIED**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Eifert, to counsel of record, and to any unrepresented party.

ENTER: May 15, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA