# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 5:04-cr-00058-01

WILLIE DUMAS, III,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Defendant's pro-se letter-form *Motion* for a sentence reduction (Document 307), the supplemental pro-se letter form *Motion* (Document 308), the counseled *Memorandum of Defendant Regarding Eligibility for Reduced Sentence Under First Step Act* (Document 310), the *Response of the United States to Memorandum of Defendant Regarding Eligibility for Reduced Sentence Under First Step Act* (Document 312), the counseled *Reply to Government Response to Memorandum of Defendant Regarding Eligibility for Reduced Sentence Under First Step Act* (Document 313), and the pro se *Motion in Supplement and Support to Previous Filed Response* (Document 314). In addition to the parties' briefing, the Court has reviewed and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, plea agreement, opinion and judgment on appeal, and a memorandum submitted by the Probation Office. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a) and public safety.

The First Step Act of 2018 (FSA) made certain provisions of the Fair Sentencing Act of 2010 retroactive. The Fair Sentencing Act reduced the disparity in the treatment of cocaine powder and cocaine base, with the effect of increasing the quantity of cocaine base necessary to trigger mandatory minimum sentences and reducing the sentencing ranges applicable under the Sentencing Guidelines for many crack cocaine offenses. Section 404(b) of the 2018 FSA permits courts to "impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat 5194. Sentence reductions are not available if the sentence was previously reduced under the Fair Sentencing Act or if a First Step Act reduction was previously denied on the merits, and courts are not required to reduce any sentence even after finding a defendant eligible for a reduction. First Step Act § 404(c). The First Step Act does not specify the statutory mechanism for imposing reduced sentences. Judge Faber recently applied 18 U.S.C. § 3582(c)(1)(B), which permits courts to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute" and found that no plenary resentencing hearing is required. *United States v. Banks*, No. CR 1:07-00157, 2019 WL 2221620, at *4 (S.D.W. Va. May 22, 2019) (Faber, J.). This Court adopts the same procedure.

The Defendant, Willie Dumas III, requests a full resentencing hearing to determine the extent of any reduction, including a potential reduction below the now-applicable Guideline range. The Defendant argues that § 404 of the First Step Act gives courts broad discretion to "impose" a reduced sentence based on any proper sentencing considerations. He argues that the Court may impose a variant sentence below the newly calculated Guideline range and requests a sentence of

time served. He further requests that the Court consider reducing his term of supervised release from the five years then required by statute to the four years now required.

The United States argues that the Court "should utilize the same procedures it has historically employed when retroactive guideline reductions are implemented." (Resp. at 4.) It argues that a full resentencing hearing is unnecessary, and the Court should instead recalculate the applicable Guideline range, assess the Section 3553(a) factors, and issue a new sentence within the newly calculated Guideline range.

Mr. Dumas was sentenced to 262 months in prison on May 26, 2005. Under the law at the time, he was subject to a statutory sentencing range of ten years to life for the offense of conspiracy to possess with the intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. §846. He received the career offender enhancement and a three-level reduction for acceptance of responsibility, resulting in a total offense level of 34 and a Guideline range of 262 to 327 months.

Under current law, the statutory sentencing range for the drug quantity Mr. Dumas was charged with is five to forty years. The applicable base offense level for a career offender with his statutory range is 34. After the three-level reduction for acceptance of responsibility, his total offense level is 31, the criminal history category remains VI, and his current advisory guideline range is 188 to 235 months. As of March 2019, when his motion was filed, he had served 179 months.[1] His projected release date is May 12, 2022.

The Court finds that a sentence reduction to 188 months, but no less than time served, is appropriate in this case. Mr. Dumas was originally sentenced at the bottom of the Guidelines.

---

1 Mr. Dumas asserts that he has earned approximately 765 days of good time credit, increasing his effective time served from 179 months to 205 months, within the newly calculated Guideline range.

The Court noted then, and has considered now, his extensive criminal history, including violent offenses as well as previous drug crimes. However, the Court has also considered that he served little time in custody prior to the instant sentence. In addition, the original sentencing judge noted that the offense level based on drug quantity was 34, and the career offender enhancement increased the offense level only three levels, to 37. Under the current Guidelines, Mr. Dumas' drug quantity would result in a base offense level of 26, increased to 34 by the Career Offender provisions. While his history supports application of the career offender provision, the lack of prior significant sentences distinguishes him from most career offenders and could warrant a downward variance. Based on the representation that he has accumulated sufficient good time credit to limit any additional incarceration on this revised sentence, the Court finds this sentence sufficient, yet not greater than necessary, to accomplish the goals of sentencing set forth in 18 U.S.C. § 3553(a) and to effectuate the purposes of the FSA and the Fair Sentencing Act of 2010.

The Court finds, however, that the five-year term of supervised release originally imposed remains appropriate given Mr. Dumas' history and lengthy term of incarceration. The term of supervised release will ensure that services are available to assist in his transition to a law-abiding lifestyle. It will also provide supervision to guard against any future offenses. Finally, in declining to reduce the term of supervised release, the Court has considered the availability of future relief should Mr. Dumas comply with all terms and conditions of supervision for a substantial period of the five-year term.

Having considered Mr. Dumas's original and amended guideline ranges, the original sentencing materials, as well as the applicable sentencing factors, the Court **ORDERS** that the pro-se letter-form *Motion* for a sentence reduction (Document 307), the supplemental pro-se letter

form *Motion* (Document 308), the counseled *Memorandum of Defendant Regarding Eligibility for Reduced Sentence Under First Step Act* (Document 310), and the pro se *Motion in Supplement and Support to Previous Filed Response* (Document 314) be **GRANTED**. The Court further **ORDERS** that Mr. Dumas' sentence be **REDUCED** to **188 months**, but **no less than time served**. The Court further **ORDERS** that Mr. Dumas's good time credit and release date be calculated within **seven (7) days** of the entry of this Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: June 28, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA